UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COUNTY; PACIFIC COUNTY SHERIFF'S OFFICE; DANIEL GARCIA, individually and in his official capacity as Pacific County Sheriff; and MIKE PARKER, individually and in his official capacity as Commander of the Pacific County Jail,<br><br>Defendants. | No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## I. NATURE OF THE CASE

1.1   Defendants have adopted and implemented mail policies, practices, and customs that unconstitutionally restrict correspondence sent to prisoners, that prohibit books and magazines and legal materials, and that do not afford due process notice and an opportunity to challenge the censorship decisions as required by the United States Constitution.

1.2   Plaintiff Human Rights Defense Center ("HRDC" or "Plaintiff") brings this action for damages, declaratory, and injunctive relief to end Defendants' unconstitutional policies, practices, and customs, and to remedy Defendants' censorship of Plaintiff's publications and correspondence sent to prisoners at the Pacific County Jail in violation of the First Amendment and the Fourteenth Amendment's Due Process Clause of the United States Constitution.

COMPLAINT - 1

## II. PARTIES

2.1 Plaintiff Human Rights Defense Center (HRDC) is a Washington State not-for-profit charitable organization with its principal place of business in Boynton Beach, Florida. HRDC publishes and distributes books and magazines to incarcerated people across the country.

2.2 Defendant Pacific County is a municipal corporation formed under the laws of the State of Washington.

2.3 Defendant Pacific County Sheriff's Office is a department of Pacific County and operates the Pacific County Jail located in South Bend, Washington. The Pacific County Jail houses convicted prisoners and pretrial detainees.

2.4 Defendant Daniel Garcia is the Sheriff of Pacific County. Sheriff Garcia is employed by and is an agent of Pacific County and the Sheriff's Office. He is responsible for the operations of the Pacific County Jail, and the training and supervision of the Jail staff who interpret and implement the Jail's mail policy for prisoners. He is the final policymaker for the Jail policy governing mail for prisoners. All of his acts and omissions alleged herein occurred within the scope of his employment, under color of state law.

2.5 Defendant Mike Parker is the Commander of the Pacific County Jail. Commander Parker is employed by and is an agent of Pacific County and the Sheriff's Office. Parker is responsible for overseeing the Corrections department of Defendant Pacific County Sheriff's Office, including overseeing the operation of the Pacific County Jail. He is responsible for supervising the implementation of the Jail's mail policy or practices, and/or making decisions about approving or rejecting mail sent to prisoners at the Pacific County Jail. All of his acts and omissions alleged herein occurred within the scope of his employment, under color of state law.

## III. JURISDICTION AND VENUE

3.1 This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

3.2     Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events complained of occurred in this District, and because the Defendants reside in this District.

## IV.     FACTS

4.1     For more than thirty-four years, the core of Plaintiff HRDC's mission has been public education, prisoner education, advocacy, and outreach in support of the rights of prisoners, pretrial detainees, and other incarcerated people who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights.  Prisoners of all types, family and friends of prisoners, and prisoner advocates, are among the intended beneficiaries of HRDC's activities.

4.2     To accomplish its mission, HRDC publishes and distributes books, magazines, and other materials containing news and analysis about prisons, jails and other detention facilities, the rights of prisoners, pretrial detainees, and other incarcerated people, court rulings, management of prison facilities, prison and jail conditions, and other matters pertaining to the rights and interests of prisoners and pretrial detainees, and other incarcerated people.  HRDC also engages in advocacy and litigation to further its mission.

4.3     Through its publishing project, HRDC engages in core protected speech and expressive conduct on matters of public concern including: the operation of correctional facilities; prison and jail conditions; the health and safety of prisoners; the constitutional and human rights of prisoners; and political speech and social commentary.

4.4     HRDC's educational, political, and legal publications and correspondence are entitled to the highest protection afforded by the United States Constitution.

4.5     Sending publications through the mail to prisoners and other incarcerated people is essential to accomplishing the mission of HRDC.  One of HRDC's primary goals is to communicate with prisoners about developments in the law and protection of one's health and personal safety while in prison or jail.  Reading enables prisoners to engage in productive activity rather than sitting idle, thus helping to avoid conflicts and incidents of violence in

correctional facilities and encouraging lawful methods of dispute resolution. In addition, reading helps prisoners keep their minds sharp, preparing them to become productive citizens when released back into society. Through prisoner education, HRDC's mission, if realized, has a salutary effect on public safety through prisoner rehabilitation and lower rates of recidivism.

4.6 HRDC distributes its publications to incarcerated people by sending its publications to correctional facilities all over the country, including in the State of Washington, at Pacific County Jail and elsewhere. In particular, distributing HRDC's legal educational publications to individuals incarcerated in county jails, such as the Pacific County Jail, is essential to HRDC's mission, because the publications are designed to assist incarcerated individuals who are subject to ongoing criminal proceedings, or who need to know about their civil rights while incarcerated in order to exercise or vindicate those rights, including the right to humane housing conditions, to access appropriate medical and mental health care, to receive disability accommodations, to be free from race and sex discrimination, to be protected from harm by others, and to receive mail and communicate with others, among other rights.

4.7 HRDC publishes and distributes an award-winning monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights* ("*Prison Legal News*"), which contains news and analysis about correctional facilities, the rights of prisoners, court opinions, prison and jail conditions, excessive force, and religious freedom. In 2013, *Prison Legal News* received the First Amendment Award from the Society of Professional Journalists. *Prison Legal News* is published on newsprint bound by two small staples, and is 72 pages long.

4.8 HRDC publishes and distributes a second monthly magazine titled *Criminal Legal News*, which contains news and analysis about individual rights, court rulings, and other legal issues related to the criminal justice system. *Criminal Legal News* is also published on newsprint bound by two small staples, and is 56 pages long.

4.9 HRDC publishes or distributes various soft-cover books on prisoners' rights and issues related to criminal justice, corrections systems, health and safety, and legal issues that are of interest to prisoners and others, including reference books that provide prisoners with

1  information they can use to help themselves and improve their lives.

2      4.10    HRDC publishes and distributes the book titled *PRISONERS' GUERILLA HANDBOOK: A GUIDE TO CORRESPONDENCE PROGRAMS IN THE UNITED STATES AND CANADA* ("*Prisoners' Handbook*"), which provides information about enrolling at accredited higher educational, vocational and training schools.

      4.11    HRDC is the sole national distributor of the book titled *PROTECTING YOUR HEALTH AND SAFETY* ("*PYHS*"), which describes the rights, protections and legal remedies available to persons concerning their health and safety while they are incarcerated.

      4.12    In addition to its publications, HRDC communicates with incarcerated persons by mailing them: (i) informational brochure packets ("Info Packs'), which contain a brochure and subscription order form, a book list, and a published books brochure (each of which is a single page); (ii) copies of judicial opinions of import to incarcerated persons, which are marked "Court Ruling;" and (iii) letters that provide pertinent information about HRDC's publications and related topics, including subscription renewal letters sent to subscribers to its magazines when the subscriptions are nearly over, in the hopes of renewing the subscription.

      4.13    HRDC also maintains a website containing information about legal resources. The website contains information about breaking news and a database of articles, publications, legal briefs, and other information about state and federal issues affecting prisoners. Individuals can visit the website and view the content or become a member of and search for and print articles of interest to them, for themselves or to send to others, including prisoners who do not have access or have limited access to computers or the internet, or who have limited or no research skills.

      4.14    In March 2024, HRDC mailed the June 2023 issue of *Criminal Legal News* to each of the following prisoners at the Pacific County Jail:

           <u>Prisoner Name</u>
           Lisa Allison
           Gregory Forshee

1  Samantha Howard

2  Henry Michelbrink

3  Matthew Pearson

4 The individuals identified above were incarcerated at the Pacific County Jail when the Jail
5 received the June 2023 issues of *Criminal Legal News* mailed by HRDC in March 2024.

6  4.15  On April 10, 2024, HRDC mailed (i) an Info Pack, (ii) the November 2022 issue
7 of *Prison Legal News*, and (iii) the April 2023 issue of *Criminal Legal News* to each of the
8 following prisoners at the Pacific County Jail:

9  Prisoner Name

10  Lisa Allison

11  Patricia Clifford

12  Adam Creach

13  Gregory Forshee

14  David Hess

15  Jose Meza

16  Matthew Pearson

17  Scott Reeder

18  Patrick Saunders

19  Duane Stroop

20 The individuals identified above were incarcerated at the Pacific County Jail when the Jail
21 received the Info Packs and magazines mailed by HRDC on April 10, 2024.

22  4.16  On April 12, 2024, HRDC mailed a copy of *PYHS* to each of the prisoners listed
23 in the preceding paragraph (Lisa Allison, Patricia Clifford, Adam Creach, Gregory Forshee,
24 David Hess, Jose Meza, Matthew Pearson, Scott Reeder, Patrick Saunders, and Duane Stroop).
25 These individuals were incarcerated at the Pacific County Jail when the Jail received the books
26 mailed by HRDC on April 12, 2024.

27  4.17  On May 14, 2024, HRDC mailed a letter to each of the following prisoners at the

COMPLAINT - 6

Pacific County Jail:

> Prisoner Name
>
> Patricia Clifford
>
> Gregory Forshee
>
> David Hess
>
> Matthew Pearson
>
> Scott Reeder
>
> Patrick Saunders
>
> Duane Stroop

The letters notified each of these prisoners that HRDC had mailed them an Info Pack and publications, which they should have received by May 14. HRDC's letter asked each prisoner to notify HRDC whether the prisoner had received the items. These individuals were incarcerated at the Pacific County Jail when the Jail received the letters mailed by HRDC on May 14, 2024.

4.18 On May 15, 2024, HRDC initiated six-month subscriptions to *Prison Legal News* and *Criminal Legal News* for each of the prisoners listed the preceding paragraph (Patricia Clifford, Gregory Forshee, David Hess, Matthew Pearson, Scott Reeder, and Duane Stroop). These subscriptions commenced with the May 2024 issue of each magazine. These individuals were incarcerated at the Pacific County Jail when the Jail received the magazines mailed by HRDC on May 15, 2024.

4.19 On May 22, 2024, HRDC mailed (i) an Info Pack, (ii) a copy of the *Prisoners' Handbook*, (iii) the November 2022 issue of *Prison Legal News*, and (iv) the April 2023 issue of *Criminal Legal News* to each of the following prisoners at the Pacific County Jail:

> Prisoner Name
>
> Chris Brumitt
>
> Marcy Scattergood
>
> Charles Watts

The individuals identified above were incarcerated at the Pacific County Jail at the time that the

1  Jail received the Info Packs, books, and magazines mailed by HRDC on May 22, 2024.

2      4.20  On June 10, 2024, HRDC initiated six-month subscriptions to *Prison Legal News* and *Criminal Legal News* for each of the prisoners listed in the preceding paragraph (Chris Brumitt, Marcy Scattergood, and Charles Watts). These subscriptions commenced with the June 2024 issue of each magazine. These individuals were incarcerated at the Pacific County Jail when the Jail received the magazines mailed by HRDC on June 10, 2024.

    4.21  Between April and August 2024, Defendants rejected at least thirty-nine (39) of the items that HRDC mailed to prisoners at the Pacific County Jail, including:

    (a) nine (9) Info Packs;

    (b) nine (9) issues of *Prison Legal News*;

    (c) thirteen (13) issues of *Criminal Legal News*;

    (d) seven (7) letters; and

    (e) one (1) copy of the *Prisoners' Handbook*.

    4.22  The items identified in the preceding paragraph were returned to HRDC marked with an ink stamp stating, "RETURN TO SENDER," or substantially similar markings reflecting that Defendants rejected them, but provided no notice of the reason for the rejection and no opportunity to challenge the decisions to reject HRDC's magazines, books, letters, and Info Packs.

    4.23  Defendants failed to provide HRDC with written notice of the reasons for their censorship decisions.

    4.24  Defendants also failed to provide HRDC with an opportunity to be heard to challenge any of their censorship decisions.

    4.25  Upon information and belief, Defendants also failed to deliver copies of regular subscriptions magazines mailed directly from HRDC to various prisoners at Pacific County Jail, including monthly copies of its magazines, *Prison Legal News* and *Criminal Legal News*, between May and November 2024.

    4.26  On September 18, 2024, HRDC contacted Defendant Parker via an email from its

Editor and Executive Director Paul Wright. HRDC informed Defendant Parker: "I am a publisher of books and magazines aimed at prisoners and several books and magazines we have sent to prisoners in the Pacific county jail have be[e]n returned to us with no explanation given." HRDC asked: "Does your facility allow prisoners to receive publications directly from publishers? Please advise."[1]

4.27   Defendant Parker responded, "Books may be sent to the Sheriff's Office for review prior to making available to the inmate library. Items sent directly to inmates may be returned if they haven't been cleared first."

4.28   HRDC explained to Defendant Parker via email that "[t]he books are for individual prisoners not for the library." HRDC asked Defendant Parker whether the Pacific County Jail allows this, and whether the same policy applies to magazines.

4.29   Defendant Parker responded, "Magazines fall under the same criteria as any literature. It must first be cleared prior to being admitted to the Jail library. Typically, we do not have magazines up there only because swapping them out frequently isn't convenient for my staff."

4.30   Defendant Parker stated in the same email, "we will allow books to be added to our library if they are addressed to the Jail and not to specific inmates."

---

[1]   The Pacific County Sheriff's Office public website contains no information about books or magazines, or any information that might explain why Defendants rejected Plaintiff's mail. The "Inmate Mail" section of the webpage found at https://www.pacificcountysheriff.com/corrections (last visited November 15, 2024) contains the following information only:

The following is not permitted for inmate mail:

- Unknown substances
- Glitter, perfume, glue, or any adhesive material
- Sexually explicit content
- Stamps, envelopes, or writing materials
- Polaroids
- Oversized packages must be pre-approved

COMPLAINT - 9

4.31 Defendant Parker did not identify any means of appealing Defendants' decisions to reject HRDC's publications or other mail sent to prisoners at the Pacific County Jail.

4.32 Defendant Parker did not identify any criteria by which the Jail determines how publications are "cleared prior to being admitted to the Jail library."

4.33 Defendants have an unwritten policy, and practice, custom, or usage of rejecting books, magazines, and other publications sent to prisoners at the Pacific County Jail.

4.34 Defendants have an unwritten policy, and practice, custom, or usage of rejecting information about publications and other correspondence sent to prisoners at the Pacific County Jail.

4.35 Defendants have an unwritten policy, and practice, custom, or usage of rejecting mail sent to prisoners at the Pacific County Jail without providing notice of the reason for rejection or an opportunity to be heard to challenge the decision.

4.36 In fulfillment of its mission, HRDC wants to and intends to continue sending its books, magazines, and correspondence to subscribers, customers, and other individuals incarcerated at the Pacific County Jail in the future.

4.37 Absent relief from this Court, Pacific County Jail's policies and practices and customs, including as conveyed by Defendant Parker to HRDC and by Defendants' blanket rejection of HRDC's publications and other mail, chills and interferes with HRDC's right to communicate with prisoners at the Pacific County Jail, the rights of others to communicate with people incarcerated at the Jail, and the rights of prisoners at the Jail to receive those communications and publications, and will continue to do so.

4.38 Defendants' unwritten policies, and their practices, customs, or usages, violate the First Amendment.

4.39 Defendants' unwritten policies, and their practices, customs, or usages violates the Due Process Clause of the Fourteenth Amendment.

4.40 Defendants' unwritten policies, and their practices, customs, or usages unconstitutionally burden and interfere with, the First Amendment rights of Plaintiff, other

publishers and correspondents who send or wish to send books, magazines, other publications, legal materials, or other mail to prisoners confined at the Pacific County Jail, and prisoners at the Jail.

4.41 Defendants' unwritten policies, and their practices, customs, or usages unconstitutionally burden and interfere with, the Fourteenth Amendment due process rights of Plaintiff, other publishers and correspondents, and prisoners at the Pacific County Jail, whose mail has been or will be rejected by Defendants without notice of the reasons or an opportunity to be heard to challenge Defendants' censorship decisions.

4.42 Defendants' unwritten policies, and their practices, customs, or usages, described above, have a chilling effect on future speech.

4.43 Defendants' unwritten policies, and their practices, customs, or usages described above, constitute a prior restraint on speech in violation of the First Amendment.

4.44 Defendants' unwritten policies, and their practices, customs, or usages, described above frustrates HRDC's organizational mission and have caused it to divert resources.

4.45 Defendants' unwritten policies, and their practices, customs, or usages, have violated, continue to violate, and are reasonably expected to violate in the future Plaintiff's constitutional rights to distribute its publications, communicate its political message to prisoners, to recruit new supporters, readers and subscribers, and have caused Plaintiff additional financial harm in the form of lost subscriptions, and lost publication and book purchases.

## V. CAUSES OF ACTION

### Violation of First Amendment to U.S. Constitution

5.1 Plaintiff alleges and incorporates by reference the preceding paragraphs.

5.2 Through the acts and failures to act described above, Defendants violated Plaintiff's rights, and the rights of prisoners confined at the Pacific County Jail, under the First Amendment to the United States Constitution through 42 U.S.C. § 1983.

5.3 The acts described above have caused Plaintiff damages and will continue to cause damage.

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

5.4     Plaintiff seeks nominal, compensatory, and punitive damages against Defendants in their individual capacities.

5.5     Plaintiff seeks declaratory and injunctive relief against all Defendants in their official capacities.

**Violation of Fourteenth Amendment to U.S. Constitution**

5.6     Plaintiff realleges and incorporates by reference the preceding paragraphs.

5.7     Through the acts and failures to act described above, Defendants violated Plaintiff's rights, and the rights of prisoners confined at the Pacific County Jail, under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

5.8     The acts described above have caused Plaintiff damages and will continue to cause damage.

5.9     Plaintiff seeks nominal, compensatory, and punitive damages against Defendants in their individual capacities.

5.10    Plaintiff seeks declaratory and injunctive relief against all Defendants in their official capacities.

***Monell* Claim Against the Municipal Defendants**

5.11    Plaintiff realleges and incorporates by reference the preceding paragraphs.

5.12    The officials or employees named above acted under color of state law and their acts deprived Plaintiff of its constitutional right to free speech and due process, and in doing so acted pursuant to an official policy or widespread or longstanding practice or custom of the municipal Defendants, Pacific County and/or the Pacific County Sheriff's Office.

5.13    The municipal defendants are liable to Plaintiff by virtue of their unconstitutional implementation of their policies, practices, customs, or usages, which were the motivating factor and proximate cause of the harm to Plaintiff's constitutional rights.

5.14    The acts described above have caused damages to Plaintiff and will continue to cause damage.

5.15    Plaintiff seeks nominal and compensatory damages against the municipal

Defendants.

5.16   Plaintiff seeks declaratory and injunctive relief against the municipal Defendants.

## VI.   INJUNCTION ALLEGATIONS

6.1   Defendants' unconstitutional policy, practices, and customs are ongoing and continue to violate Plaintiff's constitutional rights and the rights of other correspondents and prisoners, and as such there is no adequate remedy at law.

6.2   Plaintiff seeks injunctive relief prohibiting Defendants from: refusing to deliver or allow delivery of books and magazines addressed to and intended to be received by specific prisoners incarcerated at Pacific County Jail, including but not limited to its books, magazines, and correspondence, or any other documents from Plaintiff that contain third party legal material; censoring or rejecting publications or other documents sent to prisoners at the Pacific County Jail on the same grounds that Defendants rejected Plaintiff's mail; and prohibiting Defendants from censoring mail without due process of law.

## VII.   REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests relief:

7.1   A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief;

7.2   A declaration that Defendants' implementation of their policies, practices, customs or usages violate the Constitution;

7.3   An award of nominal, compensatory, and punitive damages, and all damages available under law, for each violation of its First Amendment rights to free speech and expression in an amount to be proved at trial;

7.4   An award of nominal, compensatory, and punitive damages, and all damages available under law, for each violation of its Fourteenth Amendment rights to due process in an amount to be proved at trial;

7.5   A trial by jury;

7.6   Costs and reasonable attorney's fees, under 42 U.S.C. § 1988, and under other

applicable law;

    7.7    Pre-judgment and post-judgment interest;

    7.8    The right to conform the pleadings to the proof and evidence presented at trial; and

    7.9    Such other relief as the Court deems just and equitable.

DATED this 30th day of December, 2024.

                MacDONALD HOAGUE & BAYLESS
                705 Second Avenue, Suite 1500
                Seattle, WA  98104
                206-622-1604

By:   */s/Jesse Wing*
      Jesse Wing, WSBA #27751
      jessew@mhb.com

      */s/ Katherine C. Chamberlain*
      Katherine C. Chamberlain, WSBA #40014
      katherinec@mhb.com

      */s/Nathaniel Flack*
      Nathaniel Flack, WSBA #58582
      nathanielf@mhb.com

HUMAN RIGHTS DEFENSE CENTER

By:   */s/ Jonathan P. Picard*
      Jonathan P. Picard, Fla. Bar # 105477*
      jpicard@humanrightsdefensecenter.org
      P.O. Box 1151
      Lake Worth, FL  33460
      561-360-2523

      **Pro hac vice* application to be filed

COMPLAINT - 14

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961