The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUMAN RIGHTS DEFENSE CENTER,
Plaintiff,

v.

PACIFIC COUNTY; PACIFIC COUNTY SHERIFF'S OFFICE; DANIEL GARCIA, individually and in his official capacity as Pacific County Sheriff; and MIKE PARKER, individually and in his official capacity as Commander of the Pacific County Jail,
Defendants.

No. 3:24-cv-06068-BJR

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.   INTRODUCTION

This matter comes before the Court on a Motion for Preliminary Injunction, filed by Plaintiff Human Rights Defense Center ("HRDC"). Dkt. No. 5. Defendant Pacific County[1] ("Defendant" or "the County") opposes the Motion, arguing that it is moot and that Plaintiff lacks standing. Having reviewed the briefs filed in support of and in opposition to the Motion, and the exhibits and caselaw pertinent thereto, the Court finds and rules as follows.

---

[1] Defendants Daniel Garcia, Mike Parker, and the Pacific County Sheriff's Office did not file a response to Plaintiff's Motion.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

- 1

## II. BACKGROUND

HRDC is a not-for-profit charitable organization that "seeks to help prisoners educate themselves about their constitutional and human rights, which it accomplishes through advocacy, litigation, and publication and distribution of books, magazines, and other information about correctional facilities and the rights of prisoners." Decl. of Paul Wright, ¶¶ 1-2; ¶¶ 4-28. Since its founding in 1990, "HRDC has sent thousands of its magazines, books and other correspondence . . . to customers nationwide," including at over 3,000 correctional facilities throughout the U.S. *Id.*, ¶ 13. Since March 2024, HRDC has mailed over 100 magazines, books, and other correspondence to inmates at the Pacific County Jail. It alleges that the Jail has rejected HRDC's mailings on at least 39 occasions. *Id.*, ¶ 40. HRDC further alleges that the Jail has done so without providing any notice, explanation, or opportunity to challenge a rejection. *Id.*, ¶¶ 43, 52.

Based upon these allegations, on December 30, 2024, HRDC filed this 42 U.S.C. § 1983 lawsuit against Defendants Pacific County, the Pacific County Sheriff's Office, Pacific County Sheriff Daniel Garcia, and Mike Parker, Commander of the Pacific County Jail. *See* Compl., Dkt. No. 1. HRDC claims that Defendants' "unwritten policy, and practice, custom, or usage" violate the First Amendment and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *See, e.g.*, Compl., ¶ 4.33. By its Motion for Preliminary Injunction, HRDC seeks an order preliminarily enjoining Defendants from:

> refusing to deliver or allow delivery of books and magazines addressed to and intended to be received by specific prisoners incarcerated at Pacific County Jail, including but not limited to its books, magazines, and correspondence, or any other documents from Plaintiff that contain third party legal material; censoring or rejecting publications or other documents sent to prisoners at the Pacific County Jail on the same grounds that Defendants rejected Plaintiff's mail; and prohibiting Defendants from censoring mail without due process of law. Compl., ¶ 6.2.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

- 2

Defendant Pacific County opposes this motion, arguing that Plaintiff lacks standing and that its claims are moot. Relevant to this opposition, on December 26, 2024, four days before HRDC filed its complaint, Pacific County passed Resolution 2024-056 (the "Resolution"), formally creating a new Department of Corrections known as Pacific County Jail Services. *See* Byrd Decl., ¶ 3, Ex. A. The Resolution removed authority over the Jail's operations, programs, and staff from the Pacific County Sheriff and vested that authority in the Board of Commissioners (Pacific County's legislative body), and appointed James Byrd as Director of the newly created Pacific County Jail Services. Byrd Decl., Ex. A. The County also notified Defendant Garcia that it was assuming control over Pacific County Jail Services, and that Defendant "Mike Parker is no longer in charge of the department." *Id*.

### III.    DISCUSSION

**A.  Standard on Motion for Preliminary Injunction**

A preliminary injunction is an extraordinary remedy. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). To demonstrate entitlement to a preliminary injunction, the movant bears the burden of establishing: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of a preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844–45 (9th Cir. 2020) (citing *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)). "When the government is a party, the[] last two factors merge." *E. Bay Sanctuary Covenant*, 964 F.3d at 845 (quoting *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)).

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

**B. Whether HRDC Has Standing to Seek Injunctive Relief[2]**

Defendant does not dispute that HRDC is likely to succeed on the merits of its claim. Instead, it argues that HRDC's request for a preliminary injunction should be denied for lack of standing. To have standing to seek injunctive relief, a plaintiff has the burden of showing, among other things, "that he faces a 'real or immediate threat that he will again be wronged in a similar way.'" *Prison Legal News v. Columbia Cnty.*, 942 F. Supp. 2d 1068, 1079 (D. Or. 2013) (citing *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir.2010), *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).[3] To demonstrate such "real or immediate threat," a plaintiff may show (1) "that the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy," or (2) that "that the harm is part of a 'pattern of officially sanctioned … behavior, violative of the plaintiff's [federal] rights.'" *Prison Legal News*, 942 F.Supp.2d at 1079-80. "The burden of showing a likelihood of recurrence is firmly on the plaintiff." *Nelsen v. King Cnty.*, 895 F.2d 1248, 1251 (9th Cir. 1990).

As noted above, HRDC is challenging Defendants' alleged "unwritten policy, and practice, custom, or usage," not any written policy. Accordingly, to establish standing, HRDC must demonstrate that the harm it has allegedly suffered is "part of a pattern of officially sanctioned behavior" such that, as of the date the lawsuit was filed, it was likely that it would

---

[2] Defendant also contends, based on the same facts underlying its standing argument, that HRDC's claims are moot. Because the Court has determined that HRDC lacks standing to obtain a preliminary injunction, it does not reach Defendant's mootness argument.

[3] The standing doctrine requires a plaintiff also to show "that he is under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal quotation marks omitted) (citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc*., 528 U.S. 167, 180–81 (2000)).

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

- 4

"again be wronged in a similar way." *Id*.; *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001), as amended (Aug. 15, 2001) ("Standing is determined by the facts that exist at the time the complaint is filed.").

The Court concludes that, at this stage of the proceedings and based upon the facts in the record, HRDC has failed to meet its burden. It appears that at the time HRDC filed its lawsuit, two of the four named Defendants (Pacific County Sheriff's Office and Sheriff Garcia) no longer had any authority over the Jail or its mail services. *See* Resolution 2024-056, Byrd Decl., Ex. A. HRDC also fails to establish that Defendant Parker retains any such authority.[4] And, while the Pacific County Board of Commissioners retains ultimate authority over the newly created Department of Corrections and the Jail itself, there is no evidence currently in the record demonstrating that the County "officially sanctioned" the unconstitutional actions allegedly committed in this case. If anything, the County's apparent willingness to strip Sheriff Garcia and his office of authority over the Jail evinces its disapproval of the unwritten policies and practices that HRDC is challenging. Under these circumstances, the Court cannot say with any confidence that the First and Fourteenth Amendment violations are likely to recur, let alone "certainly impending." *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018) ("A plaintiff

---

[4] As HRDC points out, while the County removed Parker as Commander of the Pacific County Jail, it reinstated him just days later as Pacific County Undersheriff.[4] *See* Flack Declaration, Exhibit 6, p. 2 (https://co.pacific.wa.us/commissioner/meeting-documents/2024/minutes/12-31-2024- Spec-Mtg-BOCC.pdf). Further, "Inmate Mail" Policy 1008 provides that the Undersheriff has authority over mail policy at the Jail. *See* Byrd Decl., Ex. B ("The Under Sheriff or the authorized designee will be responsible for making the final decision as to the specific magazines, periodicals and other materials that will be prohibited within this facility."). While it might follow that Undersheriff Parker therefore retains authority over inmate mail policy and practice, the Court notes that Resolution 2024-056 may also be fairly read to preclude this as a possibility. *See* Byrd Decl., Ex. B ("in conjunction with adopting the documents identified herein [including Policy 1008], any reference therein to the terminology "Sheriff" shall mean "Jail Services. . . . The purpose of this proviso is to make the documents applicable to the newly created Pacific County Jail Services until the appropriate amendments can be made to the documents."). In other words, HRDC has failed to meet its burden of demonstrating that Defendant Parker in fact retains any authority at all over the Jail.

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION

- 5

threatened with future injury has standing to sue "if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'") (citations omitted).

While as this case unfolds emerging facts may demonstrate otherwise, at this stage HRDC has failed to meet its burden of demonstrating that it has standing to obtain injunctive or other prospective relief for the constitutional violations alleged in its complaint. The Motion for Preliminary Injunction is, accordingly, denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is DENIED.

DATED this 15th day of April, 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge